# JS-6

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| | | | |
|---|---|---|---|
| Case No. | EDCV 13-1735-JGB (DTBx) | Date | March 13, 2014 |
| Title | *Martha Jo Peters v. Wells Fargo Bank NA* | | |

Present: The Honorable   JESUS G. BERNAL, UNITED STATES DISTRICT JUDGE

|  MAYNOR GALVEZ  |  Not Reported  |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorney(s) Present for Plaintiff(s): | Attorney(s) Present for Defendant(s): |
|---|---|
| None Present | None Present |

**Proceedings:**   Order (1) DISMISSING Action and (2) DENYING Defendant's Motion to Dismiss as MOOT (Doc. No. 21) (IN CHAMBERS)

Plaintiff Martha Jo Peters filed her Complaint against Defendant Wells Fargo Bank NA on October 3, 2013. (Doc. No. 3.) On November 12, 2013, Defendant filed a Motion to Dismiss (Doc. No. 9), and on December 19, 2013, the Court granted Defendant's Motion to Dismiss with leave to amend and instructed Plaintiff to amend by January 6, 2014 (Doc. No. 20).

Plaintiff did not file an amended complaint by January 6, 2014. Instead, on February 14, 2014, Plaintiff appealed the Court's order dismissing her pleading with leave to amend. (Doc. No. 23.) Additionally it appears that Plaintiff filed an amended complaint for this action on March 7, 2014 in another action before this Court. (See ED CV No. 13-1194 JGB (DTBx), Doc. No. 63.)[1]

Pursuant to Federal Rule of Civil Procedure 41(b), a district court may dismiss an action for failure to prosecute, failure to comply with the Federal Rules of Civil Procedure, failure to comply with the court's local rules, or failure to comply with the court's orders. Here, Plaintiff has not complied with the Court's order requiring Plaintiff to file a first amended complaint by

---

[1] On February 13, 2014, Defendant filed a Motion to Dismiss Action for Plaintiff's Failure to Comply With the Court's Order. (Doc. No. 21.) Plaintiff did not properly file an opposition in this case, but filed an opposition to Defendant's Motion to Dismiss in another action before this Court on March 7, 2014. (See ED CV No. 13-1194 JGB (DTBx), Doc. No. 65.)

January 6, 2014.  Instead, she only improperly appealed the order a month after the Court's deadline and filed an amended complaint in a different action almost two months after the Court's deadline.

      The Court recognizes that courts should construe pleadings by a pro se plaintiff liberally and must afford her the benefit of any doubt.  <u>Karin-Panahl v. Los Angeles Police Dep't</u>, 839 F.2d 621, 623 (9th Cir. 1988).  Nevertheless, Plaintiff is required to comply with the Federal Rules of Civil Procedure, the Local Rules, and the Court's orders.  <u>See</u> <u>King v. Atiyeh</u>, 814 F.2d 565, 567 (9th Cir. 1987), <u>overruled on other grounds by</u> <u>Lacey v. Maricopa County</u>, 697 F.3d 896, 925 (9th Cir. 2012) ("Pro se litigants must follow the same rules of procedure that govern other litigants"); <u>cf.</u> <u>Walker v. Does 1-10</u>, 2008 WL 906429, at *2 (C.D. Cal. Mar. 31, 2008) ("The liberality courts afford to pro se plaintiffs can only go so far.").

      Thus, the Court (1) DISMISSES this action and (2) DENIES Defendant's Motion to Dismiss (Doc. No. 21) as MOOT.

      **IT IS SO ORDERED.**